**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RONNIE RICHARDSON, # 411-321 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-13-2721 |
| LIBRARIAN WILLIAM BOYD | * | |
| Defendant | * | |

\***

**MEMORANDUM**

In this Complaint, self-represented Plaintiff, Ronnie Richardson, a detainee at the Baltimore City Detention Center, asserts that he needs information to appeal the denial of bail or to build an effective defense in his criminal proceedings, but Defendant refuses to send legal work to him and the prison library has been closed since March of 2013. Specifically, he is requesting a current version of the "statute on application for leave to appeal to the Court of Special Appeal[s]" of Maryland. ECF No. 1. Richardson asks for injunctive relief to "force" the librarian to open the library and to allow inmates access to updated statutes and case law.

Federal district courts are required to screen prisoner complaints filed in forma pauperis and dismiss claims which fail to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii); see also Neitzke v. Williams, 490 U.S. 319 (1989) (stating claims which fail to state a claim may be dismissed sua sponte). In undertaking this review, this Court is mindful that it must liberally construe documents filed by self-represented litigants. See, e.g., Estelle v. Gamble, 429 U.S. 97 (1976); Erikson v. Pardus, 551 U.S. 89, 94, 127 (2007). Even under this less stringent standard, the Complaint is subject to summary dismissal.

Prisoners have a constitutionally protected right of access to the courts. See Bounds v. Richardson, 430 U.S. 817, 821 (1977). The right of access to the courts is the right to bring to court a grievance, and violation of that right occurs only when an inmate is "hindered [in] his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 355 (1996). To present a claim involving denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" O'Dell v. Netherland, 112 F.3d 773, 776 (4th Cir. 1997) (quoting Lewis, 518 U.S. at 355). "The requirement that an inmate alleging a violation of Bounds must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." Id. at 349. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." Lewis, 518 U.S. at 353–55.

In Christopher v. Harbury, 536 U.S. 403, 415 (2002), the Supreme Court characterized access-to-the courts claims as being in one of two categories. See id. at 413. The first, termed "forward looking claims," are cases where official action frustrates a plaintiff's ability to bring a suit at the present time. Jennings v. City of Stillwater, 383 F.3d 1199, 1208-09 (10th Cir. 2004). The second class, termed "backward looking claims," arise when a Plaintiff alleges that a specific claim "cannot be tried (or tried with all the evidence) [because past official action] caused the loss or inadequate settlement of a meritorious case." Id. at 1209. In this way, the official's action is said to have "'rendered hollow [the plaintiff's] right to seek redress'" in the

courts. Id. (quoting Christopher, 536 U.S. at 415 (brackets in original) (internal citations omitted)).

Richardson provides no facts or evidence to support the conclusory assertions that he is unable to appeal the denial of bail or to build an effective defense, nor does he allege missing any deadlines as a result of the Defendant's actions. Simply put, Richardson's general allegations are insufficient to state a claim of constitutional dimension. See Cochran, 73 F.3d at 1317 (finding dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury).[1]  Accordingly, a separate Order dismissing this case without prejudice follows.

October 3, 2013

/s/
_____
George Levi Russell, III
United States District Judge

---

[1] Insofar as Richardson may have actually missed filing deadlines, he may refile his claims in a separate action.